IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-337
(3:07-cr-45)

| | | |
|---|---|---|
| ANTHONY EUGENE BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and Supplemental Memorandum, (Doc. No. 2).

I.   BACKGROUND

On May 4, 2010, Petitioner filed a § 2255 motion claiming an invalid plea agreement; ineffective assistance of counsel for failing to challenge a career offender predicate drug trafficking conviction as a simple possession offense; ineffective assistance of counsel for failing to advise him of his right to testify at a potential suppression hearing; and an illegal sentence under 18 U.S.C. § 924(c). (Case No. 3:10-cv-213, Doc. No. 1: Motion). Before the Court resolved that motion, Petitioner filed the instant § 2255 motion as a separate action challenging a career offender predicate in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Case No. 3:12-cv-507, Doc. No. 1). In a recently filed supplemental memorandum, Petitioner argues that the new motion should simply be considered additional argument for granting relief on the first motion because he previously challenged the career offender predicate. (Doc. No. 2 at 2).

1

The Court finds that the new motion should be treated as a motion to amend the first motion by adding a Simmons claim. See Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) (finding that "in general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."). The first motion alleged that counsel was ineffective for failing to challenge the nature of the conviction as a simple possession offense, (Case No. 3:10-cv-213, Doc. No. 1-1: Brief at 4-5), whereas the new motion raises a separate and distinct challenge based on the length of the prior sentence in light of a change in the law, (Doc. No. 1: Motion at 4); therefore, the new motion cannot be read as simply additional argument for the initial claim of ineffective assistance of counsel.

Although the Court has denied the first motion, (Case No. 3:10-cv-213, Doc. No. 18: Order), a district court is not permitted to deny a Rule 15 motion to amend "simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Rule 15(a)(2) provides that leave to amend a complaint should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). A motion to amend filed following entry of judgment is "evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Laber, supra. For the reasons that follow, Petitioner's motion to amend will be denied as futile.

II. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on October 20, 2009, when the Supreme Court denied his petition for a writ of certiorari. Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner contends that the instant motion, submitted to prison authorities on August 7, 2012, is timely under § 2255(f)(3) because it was filed within one year of the date the United States Court of Appeals for the Fourth Circuit filed its en banc decision in Simmons. (3:12-cv-507, Doc. No. 1 at 7). Petitioner acknowledges that Simmons was not a Supreme Court ruling, but asserts he should be granted equitable tolling based on the change to precedent. (Id.). The Fourth Circuit's decision in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), makes it clear that the instant motion is indeed untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging career offender predicates was filed years after a judgment became final and nothing prevented the petitioner from filing within the statute of limitations.

A cause of action barred by an applicable statute of limitations is futile; therefore, an untimely amendment can be denied. Id. However, Rule 15(c) allows time-barred amendments if

3

they "relate back" to the original pleading. Id. Rule 15(c) is satisfied "when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2), now codified as Fed. R. Civ. P. 15(c)(1)(B)). The Supreme Court has held that permissible new claims must relate to a "common core of operative facts" as the timely claims. Maye v. Felix, 545 U.S. 644, 664 (2005).

Considering the instant § 2255 motion as a motion to amend the first § 2255 motion, the Court finds that the new untimely Simmons claim does not relate back to the timely claim of ineffective assistance of counsel. As detailed above, the facts involved in the ineffective assistance claim related to counsel's failure to object to the use of a prior of a conviction based on the nature of the offense; that is, that it should have been considered a simple possession offense. The facts involved in the Simmons claim having nothing to do with counsel's performance, but rather a change in the law in how a court determines whether a defendant could have been sentenced to a term exceeding one year for a prior offense. Accordingly, the Court finds Petitioner's the motion to amend should be denied as futile.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion, (Doc. No. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge